IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HUMANA INC., and AMERICANS FOR BENEFICIARY CHOICE,<br><br>  Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; CENTERS FOR MEDICARE & MEDICAID SERVICES; XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; and CHIQUITA BROOKS-LASURE, in her official capacity as Administrator of the Centers for Medicare and Medicaid Services,<br><br>  Defendants. | Civil Action No. 24-cv-01004-O |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' AMENDED COMPLAINT
AND SUPPORTING BRIEF**

Defendants move to strike Plaintiffs' amended complaint. Federal Rule of Civil Procedure 15(a) required Plaintiffs to either obtain Defendants' consent or the Court's leave before filing an amended complaint. Plaintiffs did neither. The standard remedy for such a failure is to strike the non-compliant pleading. Defendants respectfully request that the Court strike Plaintiffs' amended complaint and instruct Plaintiffs that, if they wish to re-file it, they must do so in compliance with Rule 15.

## I.  Procedural Context

Plaintiffs served the U.S. Attorney for the Northern District of Texas with a copy of their original complaint on October 29, 2024. Aff. of Service, ECF No. 14. Based on the claims and allegations in the original complaint, and to avoid a threatened preliminary-injunction proceeding, Defendants agreed to Plaintiffs' proposed expedited briefing schedule, which the parties submitted to the court for approval as a joint motion. Joint Mot. to Establish a Briefing Schedule, ECF No. 17. As part of the parties' joint motion, "Plaintiffs waive[d] the requirement that Defendants file an answer to the complaint." *Id.* 2. The Court promptly granted the parties' motion for a briefing schedule. Order, ECF No. 18.

The first deadline in the scheduling order was November 25, 2024, the deadline for Defendants to file the administrative record. *Id*. Defendants filed the record four days before the deadline—on November 21, 2024. Administrative R., ECF No. 470.

Then, on November 27, 2024, twenty-nine days after Plaintiffs had served the United States Attorney's Office for the Northern District of Texas, Plaintiffs filed an amended complaint. Am. Compl., ECF No. 21. Plaintiffs did not seek or obtain Defendants' consent or the Court's leave before amending their complaint.

## II.     Legal Standard

Federal Rule of Civil Procedure 15 governs when pleadings may be amended. The applicable subsection dealing with amendments to pleadings before trial states as follows:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:
>
>   (A) 21 days after serving it, or
>
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

"When a plaintiff amends its complaint without consent or leave of the court, either the entire complaint or that part of the complaint that is added without leave may be stricken." *Clapper v. Am. Realty Invs., Inc.*, No. 3:14-CV-2970-L, 2019 WL 5865709, at *6 (N.D. Tex. Nov. 9, 2019); *see, e.g., CAPPA Fund III, LLC v. ACTTHERM Holding*, No. 3:10–CV–0897–L, 2010 WL 3766754, at *3 (N.D. Tex. Sept. 27, 2010) (striking an amended complaint that was filed in violation of Rule 15(a)(2)).

## III.     Argument and Authorities

**A.     Under Rule 15(a)(1), Plaintiffs were not entitled to amend their original complaint as a matter of course.**

Plaintiffs did not fall within either of the two provisions of Rule 15 that allow a party to amend its pleading as a matter of course. Fed. R. Civ. P. 15(a)(1):

- *The first provision*, which allows a party to amend its pleading as a matter of course within 21 days after serving, did not apply here because Plaintiffs filed

> their amended complaint 29 days after serving it. *Compare* Aff. of Service 1 *with* Am. Compl 41.

- *The second provision*, which applies when the original pleading is one to which a responsive pleading is required, did not apply here because the parties had stipulated in writing that Defendants were not required to file an answer to the original complaint. *See* Joint Mot. to Establish a Briefing Schedule 2, ECF No. 17 ( "Plaintiffs waive the requirement that Defendants file an answer to the complaint . . . ."). 

Therefore, Rule 15(a)(1) did not entitle Plaintiffs to amend their complaint as a matter of course.

**B.      Plaintiffs failed to obtain Defendants' consent or the Court's leave, as required by Rule 15(a)(2).**

Because Plaintiffs were not entitled to amend their complaint as a matter of course, under Rule 15(a)(2), they could amend their complaint "only with the opposing party's written consent or the court's leave." Plaintiffs did not seek or obtain either Defendants' consent or the Court's leave. Therefore, they did not satisfy Rule 15's requirements.

**C.      Plaintiffs' failure to comply with Rule 15 prejudiced Defendants.**

Plaintiffs' failure to seek Defendants' consent or the Court's leave, as required by Rule 15(a)(2), prejudiced Defendants. Defendants relied on the contents of Plaintiffs' original complaint when agreeing to Plaintiffs' proposed briefing schedule. Plaintiffs' amended complaint broadens the scope of their complaint and changes the remedies they

seek. For example, the amended complaint adds an entirely new count. Am. Compl. 34 (adding a new count for "Sub-delegation to Nongovernmental Third Party"). And the amended complaint significantly changes one of the remedies they seek. The original Count I requested, as a remedy, that the Court "remand to the agency with directions to disclose all relevant data to Humana." Compl. ¶ 121. The amended complaint deletes that request. *Compare* Compl. ¶ 121 *with* Am. Compl. ¶ 131. In its place, Plaintiffs now assert, in their pending motion to challenging the administrative record, that they are entitled to the data they seek, not upon remand, but right away—as part of the administrative record.  Pls.' Br. in Supp. of Their Expedited Mot. to Complete the Administrative R. 8, ECF No. 22.  If Plaintiffs had complied with Rule 15(a)'s requirements, Defendants would have had an opportunity to renegotiate the briefing schedule and related issues concerning the administrative record, in light of the impact of Plaintiffs' new claims and desired remedy. As part of that negotiation, the parties may have been able to reach a resolution of the issues currently pending before the Court, or at least narrowed those in dispute. Instead, Plaintiffs moved the goalposts, while denying Defendants their opportunity to challenge the move.

**D.    The proper remedy here is to strike Plaintiffs' amended complaint.**

Where, as here, "a plaintiff amends its complaint without consent or leave of the court, either the entire complaint or that part of the complaint that is added without leave may be stricken." *Clapper*, 2019 WL 5865709, at *6; *see, e.g., CAPPA Fund III*, 2010 WL 3766754, at *3 (striking an amended complaint filed in violation of Rule 15(a)(2)). Here, because Plaintiffs did not have leave to amend any portion of their complaint, the

applicable remedy is to strike the amended complaint in its entirety.

## IV.    Conclusion

Plaintiffs filed their amended complaint without obtaining Defendants' written consent or the Court's leave. Federal Rule of Civil Procedure 15(a)(3) does not allow them to do that. The appropriate remedy is to strike Plaintiffs' amended complaint.

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Andrea Hyatt*
Andrea Hyatt
Assistant United States Attorney
Texas Bar No. 24007419
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102-6882
Telephone: 817.252.5230
Fax: 817.252.5458
Andrea.Hyatt@usdoj.gov

*Attorneys for Defendants*

## Certificate of Conference

As required by Northern District Local Rule 7.1(b), I conferred with counsel for plaintiffs, Michael B. Kimberly, about this motion via email and telephone on December 5, 2024. Plaintiffs oppose this motion. Agreement could not be reached because the parties disagree about the applicability of Federal Rule of Civil Procedure 15(a)(1)(B).

/s/ Andrea Hyatt
Andrea Hyatt
Assistant United States Attorney

## Certificate of Service

On December 6, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Andrea Hyatt
Andrea Hyatt
Assistant United States Attorney