**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

---

HUMANA INC. *and* AMERICANS FOR
BENEFICIARY CHOICE,

      *Plaintiffs*,

*v.*

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, *et al.*,

      *Defendants*.

Case No. 24-cv-01004-O

---

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY AND SUGGESTION OF
MOOTNESS OF DEFENDANTS' MOTIONS TO DISMISS OR STAY THE ACTION**

Plaintiffs Humana Inc. and American for Beneficiary Choice (ABC) respectfully submit this notice to bring the Court's attention to an April 14 decision by the Centers for Medicare and Medicaid Services (CMS) in Humana's optional administrative appeal concerning the company's 2026 quality bonus payments (QBPs). CMS's decision will become final and binding on **April 28, 2025**, mooting defendants' motion to dismiss or stay this lawsuit as of that date. A copy of the decision is attached.

**1.** In the April 14 decision, a CMS hearing officer affirmed the denial of Humana's request for reconsideration of its QBP status. The decision is "subject to review and modification by the CMS Administrator within 10 business days of issuance." 42 C.F.R. § 422.260(c)(2)(vii). If the Administrator does not modify the hearing officer's decision within that two-week timeframe (by April 28), the hearing officer's decision will become "final and binding." *Id*. If the Administrator does modify the decision "within 10 business days," that Administrator's decision will be the agency's final word. Either way, the administrative appeal will be over on April 28.

1

This development is pertinent because CMS moved the Court to dismiss the action on the ground that the Humana had not yet administratively exhausted its claims by obtaining a "final and binding" decision in its QBP appeal. *See* Def. MSJ Br. 20-21 (Dkt. 38); Def. Reply 8-9 (Dkt. 42). CMS alternatively requested a stay pending a final resolution of the optional QBP appeal. *See* Def. MSJ Br. 21; Def. Reply 11-12. Whatever the merit of CMS's request for a dismissal or a stay (there is none, for the reasons given in our prior briefing), the request will be mooted as of April 28, which is 10 business days following CMS's April 14 decision. *See* 42 C.F.R. § 422.260(c)(2)(vii).

**2.** Plaintiffs maintain that the Court can and should reject CMS's exhaustion defense on its own terms. *See* Pls. MSJ Opp. 4-12 (Dkt. 41). Setting aside that Congress has not made Section 405 applicable to Star Ratings determinations at all, the hearing officer's decision confirms beyond debate that plaintiffs' claims could not have been exhausted through the QBP appeal process in any event. That process "is limited to possible calculation errors or inaccuracies in the data utilized for determining star ratings" and "is not the proper venue for contesting the methodology or the set of measures included in calculating the star ratings." Ex. A, H.O. Decision 2 (citing 42 C.F.R. § 422.260(c)(3)(ii)).

The claims in this case have never been about mere calculation errors; they are, instead, about the rules, regulations, and methodologies that CMS (and its unconstitutionally-delegated contractor) use to determine the Star Ratings at a systemic level. That matters, because Section 405 does not bar judicial review of a claim when the agency "would not be required even to consider [the] challenge" or "the relief that is sought is beyond [the agency's] power to confer" through the administrative review process. *Mathews*, 424 U.S. at 330. That is precisely the case here—which is likely why CMS has never before raised exhaustion as a defense in a prior Star Ratings suit.

2

**3.** The Court therefore should enter judgment expeditiously in plaintiffs' favor. But if the Court has any lingering concerns about exhaustion, the appropriate course would be to resolve the case on its merits in a decision issued as soon as practicable after April 28, once the exhaustion issue is mooted.

In prior briefing, CMS described its newfound exhaustion argument as a jurisdictional one. That is incorrect. Assuming for the sake of argument that 42 U.S.C. § 405 applies (again, it does not), it "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). Humana satisfied the jurisdictional presentment requirement by raising its challenge with the agency during the plan preview period, and again in seeking reconsideration of its QBP status. *See* Pls. MSJ Br. 16-19 (Dkt. 35); Pls. MSJ Opp. 9 n.1. Indeed, CMS concedes that an MAO satisfies the jurisdictional prerequisite of "presenting" a claim when it raises the claim in a reconsideration request or hearing-officer appeal under 42 C.F.R. § 422.260. *See* Def. MSJ Br. 19. And there is no dispute that Humana sought reconsideration of its 2026 QBP determination and a hearing officer's review of the denial of reconsideration. *See id.* at 20; Def. Reply 9.

CMS's motion to dismiss or stay the suit therefore rests, not on Humana's alleged failure to meet the jurisdictional "presentment" requirement under Section 405(h), but only on its alleged failure to obtain a final decision by the agency *following* presentment. *Cf. Smith*, 587 U.S. at 478 ("This case involves the latter, nonjurisdictional element of administrative exhaustion."). Because a plaintiff's obligation to obtain a final decision following presentment of a claim is a nonjurisdictional claim-processing requirement

(*id.* (quoting *Mathews*, 424 U.S. at 328)), the Court has had jurisdiction all along. And now that Humana has obtained a "final and binding" decision rejecting the QBP appeal (42 C.F.R. § 422.260(c)(2)(vii)), CMS's nonjurisdictional exhaustion defense will be moot as of April 28, regardless of whether or not Section 405(h) applies.

4.  Plaintiffs urge the Court, as soon as possible, to enter judgment in their favor after rejecting CMS's exhaustion defense on its own terms. But if the Court is not prepared to take that step, it should enter judgment for plaintiffs immediately after April 28, holding that CMS's exhaustion defense is mooted and that plaintiffs are entitled to relief on the merits. Time remains of the essence, and plaintiffs respectfully request entry of final judgment no later than April 30, 2025.

Dated: April 15, 2025          Respectfully submitted,

/s/ *Michael B. Kimberly*

Michael B. Kimberly* (D.C. No. 991549)
Kate McDonald* (D.C. No. 998233)
Caleb H. Yong* (D.C. No. 1780922)
   McDermott Will & Emery LLP
   500 North Capitol Street NW
   Washington, D.C. 20001
   (202) 756-8901

Richard Salgado (Texas No. 24060548)
   McDermott Will & Emery LLP
   2501 North Harwood Street, Suite 1900
   Dallas, TX 75201-1664
   (214) 210-2797

* *pro hac vice*

*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

Undersigned counsel certifies that a true and correct copy of this document was served via CM/ECF on all counsel of record pursuant to the Federal Rules of Civil Procedure on April 15, 2024.

/s/ *Michael B. Kimberly*