IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HUMANA INC., and AMERICANS FOR BENEFICIARY CHOICE,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; CENTERS FOR MEDICARE & MEDICAID SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; and MEHMET OZ in his official capacity as Administrator of the Centers for Medicare and Medicaid Services,<br><br>Defendants.[1] | Civil Action No. 4:24-cv-01004-O |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY AND SUGGESTION OF MOOTNESS

Defendants U.S. Department of Health and Human Services et al. file this response to "Plaintiffs' Notice of Supplemental Authority and Suggestion of Mootness of Defendants' Motions to Dismiss or Stay the Action" ("Notice"), ECF No. 46. Plaintiffs' Notice is improper and meritless for the following three reasons.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d) on substitution of public officers, Defendant Dorothy Fink has been substituted with Robert F. Kennedy, Jr. as Secretary of the United States Department of Health and Human Services, and Defendant Stephanie Carlton has been substituted with Dr. Mehmet Oz as Administrator of the Centers for Medicare & Medicaid Services.

1. **Plaintiffs' Notice is another unauthorized sur-reply.**

Plaintiffs previously filed a motion requesting oral argument—a motion that was, in actuality, a sur-reply filed without leave.[2] Plaintiffs current "Notice," filed without leave from the Court and without conferring with defense counsel, contains argument in support of their already-fully-briefed motion for summary judgment in violation of Local Rule 56.7, which prohibits a party from filing a sur-reply.

2. **Plaintiffs' Notice ignores black-letter law about when jurisdiction is determined.**

"It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019) (quoting *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 570 (2004)). Specifically, when determining whether the plaintiff has satisfied the jurisdictional prerequisite of administrative exhaustion, "the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." *Johnson v. Jones,* 340 F.3d 624, 627 (8th Cir. 2003). "It is irrelevant whether exhaustion is achieved during the federal proceeding." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *accord Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013). If the plaintiff failed to exhaust administrative remedies *at the time of filing*, the proper

---

[2] Defs.' Resp. to Pls.' Mot. Requesting Oral Argument 1-2, ECF No. 44.

procedure would be dismissal without prejudice to refile. *Hinojosa*, 506 F. App'x at 282; *Gonzalez*, 702 F.3d at 788.

According to the caselaw cited above, it is irrelevant whether Plaintiffs managed to exhaust their administrative remedies after they filed suit. What matters is whether Plaintiffs exhausted their administrative remedies at the time they filed suit—back in October 2024. Plaintiffs' "Notice" is a tacit admission that they failed to do so because the Notice admits that the Agency's "final word" will be either (1) the CMS Administrator's decision (if the CMS Administrator reviews the decision of the CMS Hearing Officer), which must be issued by April 28, 2025, or else (2) the Hearing Officer's decision (if the CMS Administrator does not review and modify that decision). (Notice ¶ 1; *see* ECF No. 46-1 (Hearing Officer's decision).) Because Plaintiffs failed to exhaust their administrative remedies at the time of filing, the proper procedure would be to dismiss their suit without prejudice to refile.[3]

Plaintiffs suggest that, because they presented their claim to the Agency, their acknowledged failure to exhaust is non-jurisdictional. (Notice ¶ 3.) This is wrong. The Secretary has not waived the statutory exhaustion requirement, as evidenced by his motion to dismiss. *See Heckler v. Ringer*, 466 U.S. 602, 617 (1984). Courts' power to

---

[3] Other plaintiffs challenging their Star Ratings in court have explicitly noted then-pending administrative reviews of challenged calls and explicitly sought to reserve the right to amend their complaints based on the result of administrative decisions. *See, e.g.*, *Blue Cross and Blue Shield of Massachusetts v. Kennedy*, No. 1:25-cv-00693-TNM (D.D.C. Mar. 7, 2025), ECF No. 1 at 12 n.5. Plaintiffs have already amended their Complaint once, ECF No. 21, and have offered no explanation for why "justice so requires" another amendment, *see* Fed. R. Civ. P. 15(a)(2). Dismissal is therefore appropriate.

waive the exhaustion requirement is limited. It is only in "certain special cases" that "deference to the Secretary's conclusion as to the utility of pursuing the claim through administrative channels is not always appropriate." *Id.* at 618. This is not one of those cases, and Plaintiffs ignore the criterion for a judicial determination otherwise: "where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976); *see also* Notice ¶¶ 2-3. In *Mathews*, for example, the respondent "raised at least a colorable claim that because of his physical condition and dependency upon the disability benefits, an erroneous termination would damage him in a way not recompensable through retroactive payments." *Id.* at 331. Humana, by contrast, is before this Court seeking *future* Quality Bonus Payments. It has already told this Court that it can wait until after April 28, 2025, for a decision in this matter. (Notice ¶ 4.)[4] It cannot invoke the narrow *Mathews* exception.

Defendants' jurisdictional objection cannot, under the black-letter law, be "mooted." Humana has now acknowledged what Defendants have argued all along—that the "final and binding" decision of the Agency amenable to judicial review has not yet been issued. And Humana's belated attempt to have this Court "waive" the exhaustion requirement is meritless.

---

[4] To be sure, Plaintiffs recite that "time remains of the essence." (Notice ¶ 4.) But that statement alone is not sufficient for this Court to waive exhaustion requirements, because there is no dispute that what is at stake is future payments. And as discussed above, there is no basis for Plaintiffs' claim that the jurisdictional issue will become moot on April 28, 2025, because nothing that occurs on that date will cure Plaintiffs' failure to exhaust before filing their Complaint.

### 3. A new complaint is necessary because a hypothetical challenge to a final agency decision is not identical to Humana's current challenge.

In urging this Court to moot Defendants' jurisdictional objections, Humana says that this Court can ignore Defendants' Motion to Dismiss and decide the case "on the merits" after April 28. (Notice ¶ 4.) Humana would have this Court assume—without any new pleadings, much less an administrative record reflecting the agency review process—that the merits of plaintiffs' current, jurisdictionally improper challenge are identical to the merits of a hypothetical jurisdictionally proper challenge to a final agency decision. This is wrong.

Humana must recognize that an amended or new complaint challenging a final and binding agency decision would further reveal the flaws in its novel "unlawful subdelegation" argument. Defendants have shown that their contractor's role during the plan preview process "was limited to providing recommendations upon which the Agency, not the contractor, affirmatively acted." (Defs.' MSJ Reply Br. 23, ECF No. 42 (citing Defs.' MSJ Br. 38, ECF No. 38).) Defendants anticipate that an administrative record of any final agency decision in this matter would likely reveal that CMS contractors played no role in advising the Reconsideration Official, the Hearing Officer, or the Administrator in their respective decisions. The Reconsideration Official considered briefing and materials prepared by CMS staff on the one hand and Humana representatives on the other. Same with the Hearing Officer. To prevail on a subdelegation argument on an amended complaint, then, Humana would have to show that the Agency turned over its decisionmaking authority to contractors *that were not*

*involved in the administrative review process at all*. At the very least, this Court should consider that claim—and other claims Humana makes—based on the full record before the Agency, which as of April 28, 2025 will include (at a minimum) the materials submitted by each side to the Reconsideration Official and the Hearing Officer. Humana now acknowledges that the agency review process is nearing completion, but would have this Court hold—without looking at *any* evidence—that everything that happened during the process is irrelevant to the Court's decision. It cannot have its cake and eat it too. If Humana wants to avoid a ruling on Defendants' motion to dismiss, it may withdraw its complaint and file a timely challenge to the Agency's final decision.

## Conclusion

This Court should not consider Humana's second improper attempt to file a sur-reply. Even if it does consider Humana's new submission, however, it should grant Defendants' Motion to Dismiss and should, in any event, not deem it moot based on subsequent developments.

Respectfully submitted,

CHAD E. MEACHAM
ACTING UNITED STATES ATTORNEY

*/s/ Andrea Hyatt*
Andrea Hyatt
Assistant United States Attorney
Texas Bar No. 24007419
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102-6882
Telephone: 817.252.5230
Fax: 817.252.5458
Andrea.Hyatt@usdoj.gov

*Attorneys for Defendants*

## Certificate of Service

On April 17, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Andrea Hyatt*
Andrea Hyatt
Assistant United States Attorney