IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| HUMANA INC. *and* AMERICANS FOR BENEFICIARY CHOICE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>    *Defendants*. | Case No. 24-cv-01004-O |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE
NOTICE OF SUPPLEMENTAL AUTHORITY
AND SUGGESTION OF MOOTNESS OF EXHAUSTION DEFENSE**

Pursuant to Local Rule 56.7, plaintiffs respectfully move for leave to notify the Court that the CMS Administrator issued an order on April 23, 2025, declining review in Humana's Quality Bonus Payment (QBP) appeal.

In the attached order, the Administrator declines to review the April 14 decision of the CMS hearing officer, which affirmed the denial of Humana's request for reconsideration of the 2026 QBP determinations. Neither the Administrator's order nor the April 14 hearing officer's decision includes relevant substantive analysis, except to confirm that the administrative QBP appeal process "is limited to possible calculation errors or inaccuracies in the data utilized for determining star ratings" and "is not the proper venue for contesting the methodology or the set of measures included in calculating the star ratings." *See* Dkt. 46-1, at 2.

1

Plaintiffs maintain that CMS's exhaustion defense is wrong on its merits. *See* Pls. MSJ Opp. 4-12 (Dkt. 41). But the Court can now avoid the issue, because there is no question that CMS's exhaustion defense is moot as of yesterday.

As previously explained, Humana satisfied any jurisdictional presentment requirement by raising its challenge with CMS during the plan preview period, and again in seeking reconsideration of its QBP status. *See* Pls. MSJ Br. 16-19 (Dkt. 35); Pls. MSJ Opp. 9 n.1. CMS has conceded this point. *See* Def. MSJ Br. 19. Accordingly, CMS's exhaustion defense has only ever concerned the non-jurisdictional requirement to obtain a final decision, assuming Section 405 applies at all. Now that Humana has obtained a "final and binding" decision rejecting its QBP appeal (42 C.F.R. §422.260(c)(2)(vii)), which involved no new record evidence, CMS's non-jurisdictional exhaustion defense is no longer sustainable. It is, in a word, *moot*.

Nor is a new complaint or new administrative record necessary. This lawsuit does not challenge Humana's QBP status as such. Rather, it challenges the October 2024 final determination of Humana's 2025 Star Ratings (Am. Compl. ¶¶ 109-111), which is a final, reviewable agency action in its own right (*see* Pls. MSJ Opp. 10-11; 5 U.S.C. §704). And an agreed administrative record is already before the Court.

Dated: April 24, 2025                Respectfully submitted,

<u>/s/ *Michael B. Kimberly*</u>

Michael B. Kimberly* (D.C. No. 991549)
Kate McDonald* (D.C. No. 998233)
Caleb H. Yong* (D.C. No. 1780922)
   McDermott Will & Emery LLP
   500 North Capitol Street NW
   Washington, D.C. 20001
   (202) 756-8901
   mkimberly@mwe.com
   kmcdonald@mwe.com
   cyong@mwe.com

Richard Salgado (Texas No. 24060548)
   McDermott Will & Emery LLP
   2501 North Harwood Street,
   Suite 1900
   Dallas, TX 75201-1664
   (214) 210-2797
   richard.salgado@mwe.com

*\* pro hac vice*
*Counsel for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

Undersigned counsel certifies that, on April 24, 2025, he conferred by email with Andrea Hyatt, who is counsel for defendants, regarding plaintiffs' intention to file this motion. Defendants conveyed the following position:

> Without the benefit of the opportunity to review Plaintiffs' motion for leave and proposed notice in advance, and based on opposing counsel's assurance that the motion and notice will comply, by analogy, with Federal Rule of Appellate Procedure 28(j) governing citation of supplemental authorities (including the 350 word limit), Defendants do not oppose Plaintiffs' motion for leave.

/s/ *Michael B. Kimberly*

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a true and correct copy of this document was served via CM/ECF on all counsel of record on April 24, 2025.

/s/ *Michael B. Kimberly*

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop C3-01-20
Baltimore, Maryland 21244-1850
Telephone 410-786-3176



**Office of the Attorney Advisor**

April 23, 2025

**VIA EMAIL ONLY**

Ms. Jane Suscott
Humana
Vice President, Assoc. Gen. Humana, Inc.
jsusott@humana.com

Re:  Humana for Contracts H0028, H0292, H0473, H0783, H1036, H1468, H1951, H2463, H2486, H3533, H4141, H4461, H4623, H5178, H5216, H5377, H5525, H5619, H5970, H6622, H7284, H8145, H8908, R0110, R1532, R4182, R5361, R5826, R7220

Dear Ms. Suscott:

This is to advise that the Administrator of the Centers for Medicare & Medicaid Services (CMS) has declined to review the CMS Hearing Officer decision.

Sincerely yours,

*Jacqueline Vaughn*

Jacqueline R. Vaughn
Attorney Advisor

Enclosure

cc:   kmcdonald@mwe.com
      Cyong@mwe.com
      QBPAPPEALS@cms.hhs.gov
      Tiffany Swygert, Tiffany.Swygert@cms.hhs.gov