IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HUMANA INC., and AMERICANS FOR BENEFICIARY CHOICE,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; CENTERS FOR MEDICARE & MEDICAID SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; and MEHMET OZ in his official capacity as Administrator of the Centers for Medicare and Medicaid Services,<br><br>    Defendants.[1] | Civil Action No. 24-cv-01004-O |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE
TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, U.S. Department of Health and Human Services et al., respectfully seek leave to file this unopposed notice of supplemental authority to alert the Court to a recent Supreme Court decision that has implications for the instant case.

In this Administrative Procedure Act case, one of Plaintiffs' claims is that the Centers for Medicare & Medicaid Services (CMS) unlawfully delegated its authority to a contractor by (1) directing the contractor to review the classification of certain phone

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), which governs substitution of public officers, Defendant Dorothy Fink has been substituted with Robert F. Kennedy, Jr. as Secretary of the United States Department of Health and Human Services, and Defendant Stephanie Carlton has been substituted with Dr. Mehmet Oz as Administrator of the Centers for Medicare & Medicaid Services.

**Defendants' Unopposed Motion for Leave to File Notice of Supplemental Authority – Page 1**

calls that plaintiff Humana had disputed, and (2) agreeing with the contractor's recommendation, which CMS then conveyed to Humana.[2] In Defendants' opening summary-judgment brief, they noted that Plaintiffs' unlawful-subdelegation claim was supported almost exclusively by a single case in which the Supreme Court had granted certiorari: *Consumers' Research v. FCC*, 109 F.4th 743 (5th Cir. 2024) (en banc), cert. granted, 2024 WL 4864036 (Nov. 22, 2024).[3]

On June 27, 2025, the Supreme Court issued its decision that case. *FCC v. Consumers' Research*, 606 U.S. ____, 2025 WL 1773630. The Supreme Court "reverse[d] the judgment of the Court of Appeals for the Fifth Circuit and remand[ed] for further proceedings consistent with this opinion." *Id.* at * 19. Two of the arguments that the Supreme Court rejected in *Consumers' Research* are relevant here.

First, Plaintiffs contend that CMS "'reflexively rubber stamp[ed]' the contractors' recommendations."[4] Similarly, in *Consumers' Research*, the plaintiffs contended that the FCC's "approval is too often automatic—simply 'rubber-stamp[ing].'" *Id.* at *18 (quoting Respondents' Brief at 82). But the Supreme Court rejected that argument: "[T]he relevant legal question is not how often the FCC revises the Administrator's projections . . . It is sufficient in such schemes that the private party's recommendations (as is true here) cannot go into effect without an agency's say-so, regardless of how freely

---

[2] Compl. ¶¶ 27-131, ECF No. 21; *see also* Mem. in Supp. of Mot. for Summ. J. 28-32, ECF No. 35.

[3] Defs.' Consol. Br. in Supp. of their Mot. to Dismiss, Resp. to Pls.' Mot. For Summ. J, and Cross-Mot. for Summ J. ("Defs.' MSJ Br.") 36, ECF No. 38.

[4] Mem. in Supp. of Mot. for Summ. J. at 31 (quoting *Consumers' Research*, 109 F.4th at 770).

given." *Id.* In the instant case, the summary-judgment record contains undisputed evidence that the CMS contractor's recommendations cannot go into effect without CMS's say-so.[5]

Second, Plaintiffs in this case contend that an agency may delegate nothing more than ministerial tasks.[6] The Supreme Court rejected that argument in *Consumers' Research*. There, the Court held that whether the task delegated to a contractor is ministerial—or something more—is irrelevant, as long as the agency retains final authority. *See* 2025 WL 1773630, at *16-18. Part of the Administrator's role in the FCC scheme at issue in *Consumers' Research* is "just doing arithmetic." *Id.* at *17. But its other tasks "involve considerably greater effort—but still no policy-making." *Id.* The agency "is, throughout, the final authority." *Id.* at * 17. The Supreme Court held that "[i]n every way that matters to the constitutional inquiry, the Commission, not the Administrator, is in control." *Id.* at *18.

---

[5] Defs.' MSJ Br. 38 (showing CMS's affirmative actions to effectuate its contractor's recommendations).

[6] Mem. in Supp. of Mot. for Summ. J. at 34 (contending that "agencies may delegate only 'ministerial' or 'trivial, fact-gathering' duties to private parties").

        Respectfully submitted,

        NANCY E. LARSON
        ACTING UNITED STATES ATTORNEY

        */s/ Andrea Hyatt*
        Andrea Hyatt
        Assistant United States Attorney
        Texas Bar No. 24007419
        Burnett Plaza, Suite 1700
        801 Cherry Street, Unit #4
        Fort Worth, Texas 76102-6882
        Telephone: 817.252.5230
        Fax: 817.252.5458
        Andrea.Hyatt@usdoj.gov

        *Attorneys for Defendants*

## Certificate of Conference

On June 30, 2025, I consulted with Plaintiffs' counsel, Michael Kimberly, via email and telephone concerning this motion. Plaintiffs do not oppose this motion.

        */s/ Andrea Hyatt*
        Assistant United States Attorney

## Certificate of Service

On July 2, 2025, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

        */s/ Andrea Hyatt*
        Assistant United States Attorney