IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUMANA INC., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-01004-O |
| | § | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiffs' Motion for Summary Judgment and Brief in Support (ECF Nos. 34–35); Defendants' Response (ECF No. 36); and Plaintiffs' Reply (ECF No. 41). Additionally, before the Court are Defendants' Motion to Dismiss and Motion Summary Judgment and Brief in Support (ECF Nos. 37–38); Plaintiffs' Response and Brief in Support (ECF Nos. 40–41); and Defendants' Reply (ECF No. 42). The Motions are ripe for the Court's review. After considering the briefing and relevant case law, the Court determines that Defendants' Motion to Dismiss should be **GRANTED**. The Court does not reach the parties' Motions for Summary Judgment.

### I.    BACKGROUND

This suit arises out of the Medicare Act. Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.* (the "Medicare Act"), establishes the Medicare program, a federally funded and administered health insurance program for eligible elderly and disabled persons and certain individuals with end-stage renal disease. *See* 42 U.S.C. § 1395c. Plaintiffs Humana Inc. and Americans for Beneficiary Choice initiated this lawsuit in October 2024 challenging "the federal government's arbitrary and capricious actions in administering the Medicare Advantage

and Part D Star Ratings program."[1] Namely, Plaintiffs challenge "three phone calls that were handled by CMS in a manner inconsistent with the agency's own regulations."[2] Less than a week after filing an Amended Complaint in this matter, Humana sought administrative reconsideration of its 2026 Quality Bonus Payment determination for twenty-nine contracts.[3]

Plaintiffs sued Defendants United States Department for Health and Human Services, Center for Medicare and Medicaid Services, Robert F. Kennedy in his official capacity as Secretary of Health and Human Services, and Mehmet Oz in his official capacity as Administrator of the Centers for Medicare and Medicaid Services.[4] Defendants moved to dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(1).[5] Additionally, both parties filed Motions for Summary Judgment.[6] The Motions are ripe for the Court's review.

## II.   LEGAL STANDARD

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED R. CIV. P. 12(b)(1). Because a Rule 12(b)(1) motion concerns a court's power to hear a case, when a Rule 12(b)(1) motion is brought with other Rule 12 motions to dismiss, the Rule 12(b)(1) motion must be addressed first. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## III.   ANALYSIS

Before analyzing the merits of the parties' Motions, that is, the Motions for Summary Judgment, the Court must address Defendants' Motion to Dismiss. *See id.* Defendants assert that

---

[1] Pls.' Am. Compl. 1, ECF No. 21.
[2] *Id.* at 3.
[3] Defs.' App. Supp. Mot. Dismiss and Summ. J. Ex. A. (Humana's Recons. Req.) App. 1–5, ECF No. 39.
[4] Pursuant to Federal Rule of Civil Procedure 25(d), Robert F. Kennedy, Jr. and Mehmet Oz were substituted for their predecessors as Secretary of the United States Department of Health and Human Services and Administrator of the Centers for Medicare and Medicaid Services, respectively.
[5] *See* Defs.' Br. Supp. Mot. Dismiss and Summ. J., ECF No. 38.
[6] Pls.' Mot. Summ. J., ECF No. 34; Defs.' Mot. Summ. J., ECF No. 37.

the Court does not have subject-matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies before filing suit.[7] Defendants are correct. Instead of waiting for the administrative appeal process to finish, Plaintiffs appealed CMS's decision and sought relief in Federal Court.[8] For the following reasons, Plaintiffs' federal suit was premature and dismissal without prejudice is warranted.

Congress divested subject-matter jurisdiction from federal courts "on any claim arising under" the Medicare statute, except as provided in 42 U.S.C. § 405(g). 42 U.S.C. § 405(h); *id.* § 1395ii (incorporating 42 U.S.C. § 405(h) into the Medicare statute). Instead, section 405(g) is the "sole avenue for judicial review for all 'claim[s] arising under'" the Medicare statute. *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984). Section 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (alteration in original) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).

In *Shalala v. Illinois Council on Long Term Care, Inc.*, the Supreme Court explained that 42 U.S.C. § 405(h) channels "most, if not all, Medicare claims through this special review system." 529 U.S. 1, 8 (2000). The Supreme Court said this included "virtually all legal attacks" on Medicare related regulatory obligations. *Id.* at 13. So much so that the Supreme Court clarified that these provisions require channeling regardless of "the 'potential future' versus the 'actual present' nature of the claim, the 'general legal' versus the 'fact-specific' nature of the challenge, the 'collateral' versus 'noncollateral' nature of the issues, or the 'declaratory' versus 'injunctive' nature of the relief sought." *Id.* at 13–14.

---

[7] Defs.' Br. Supp. Mot. Dismiss and Summ. J. 18–21, ECF No. 38.
[8] Defs.' App. Supp. Mot. Dismiss and Summ. J. Ex. A. (Humana's Recons. Req.) App. 1–3, ECF No. 39.

Further, the Fifth Circuit has stated that "the third sentence of § 405(h) is . . . sweeping and direct and . . . states that no action shall be brought under § 1331, not merely that only those actions shall be brought in which administrative remedies have been exhausted." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 654 (5th Cir. 2012) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975)). The Fifth Circuit in *Physician Hospitals* framed the question as "whether the plaintiffs' claims here arise under the Medicare Act." *Id.* at 655.

Plaintiffs argue that this case arises out of the APA, not the Medicare Act. That is mistaken. "A claim arises under the Medicare Act if 'both the standing and the substantive basis for the presentation' of the claim is the Medicare Act." *RenCare, Ltd. v. Humana Health Plan of Tex., Inc.*, 395 F.3d 555, 557 (5th Cir. 2004) (quoting *Heckler*, 466 U.S. at 615). Plaintiffs' claims meets both requirements because this action is about whether Plaintiff, Humana, is entitled to financial incentives that it claims to be entitled to under the Medicare statute. Thus, this case is subject to the channeling requirements.

Despite the channeling requirements, Plaintiffs sought *both* administrative reconsideration of its 2026 Quality Bonus Payment determination and challenged the agencies' decisions in this action. Thus, the *Illinois Council* exception cannot apply because it is limited to "cases in which there is no other path for judicial review." *Physician Hosps. of Am.*, 691 F.3d at 656. Plaintiffs can seek review, just not until the end of the administrative appeal process. When filed, this action was premature. *See Indeplus Grp. of Cos., Inc. v. Sebelius*, No. 3:10-CV-0557-O, 2010 WL 1372488, at *3 (N.D. Tex. Apr. 7, 2010) ("[S]ince the Plaintiffs have yet to proceed through the administrative appeals process provided by the Medicare Act their complaint in this Court is premature and the Court is without subject-matter jurisdiction to hear it.").

Plaintiffs argue that section 405(g) does not apply because 42 U.S.C. § 1395ii does not incorporate section 405(g). But this approach is inconsistent with precedent. The Court is not required to search the Medicare Act to see if section 405(g) applies. As mentioned above, the analysis turns on "whether the plaintiffs' claims here arise under the Medicare Act." *Physician Hosps. of Am.*, 691 F.3d at 655. Plaintiffs' claims clearly do.

Plaintiffs' other arguments are equally unpersuasive. Plaintiffs' argument that 42 C.F.R. § 422.260 is purely optional does not mean that they can proceed in both forums at once. The Court agrees with Defendants that "*Illinois Council* and its progeny do not require that the relevant regulations describe the appeal process as mandatory."[9] Plaintiffs admittingly did not exhaust the appeal process and thus the Court cannot proceed to the merits of this action.[10]

Accordingly, the Court lacks jurisdiction to hear Plaintiffs' case. At the time of filing this lawsuit, Plaintiffs did not exhaust the administrative appeals process. Since filing the lawsuit the administrative appeal has concluded, but "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019) (quoting *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 570 (2004)).

---

[9] Defs.' Reply 8, ECF No. 42.
[10] Plaintiffs' suggestion of mootness is clear that at the time of filing, administrative remedies were not exhausted. *See* Pls.' Notice Suppl. Authority and Suggestion of Mootness of Defs.' Mot. Dismiss, ECF No. 46 (arguing Defendants' motion to dismiss will be moot once Plaintiffs finish the agency appeal process).

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 37). This case is **DISMISSED without prejudice**. All other pending motions are **DENIED as moot**. Final judgment shall follow separately.

**SO ORDERED** on this **18th day** of **July, 2025**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE